IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-2436-K-BT |
| | § | |
| COMMISIONER | § | |
| OF SOCIAL SECURITY | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a "Motion for and Brief in Support of Award of Attorneys Fees Under Section 406B of the Social Security Act" (ECF No. 29), filed by Plaintiff's counsel, Daniel Skaar. Through his Motion, counsel seeks an award of $20,772.00. The Commissioner filed a Response to the Motion, (ECF No. 30), but declined to take a position on the reasonableness of the request. For the reasons below, the District Judge should **GRANT in part** the Motion and award Mr. Skaar $16,607.06 in attorney's fees.

**Background**

On November 6, 2023, the Court entered its order reversing the decision of the Administrative Law Judge and remanding the case to the Commissioner of Social Security for further proceedings. *See* Order (ECF No. 22). On November 13, 2023, the Court granted counsel's request for attorney's fees under the Equal

1

Access to Justice Act (EAJA), 28 U.S.C. § 2412, and awarded $8,272.00 in fees to Plaintiff. *See* Order (ECF No. 25). On June 3, 2025, counsel filed this motion for § 406(b) attorney's fees and provided: (a) "Notices of Award" from the Social Security Administration (SSA) regarding Plaintiff and her children; and (b) the contingent-fee agreement with Plaintiff, which authorizes counsel to recover 25 percent of past-due benefits awarded by the SSA. *See* Mot. Exs. 1–2 (ECF Nos. 29-1, 29-2). The Notices of Award reveal that Plaintiff ultimately received a favorable decision from the SSA at the administrative level on behalf of herself and her children. *Id.* The Notices further indicate that the SSA found Plaintiff became disabled on January 1, 2019, and that she was entitled to past-due benefits in the amount of: (1) $54,764.25 for herself for the period of "June 2019 through January 2025,"; and (2) $11,664.00 for her children, for whom Plaintiff is the representative payee, for the period of "June 2019 through March 2025." *Id.* In total, Plaintiff was awarded $66,428.25 in past-due benefits. *See id.* The Notices also reveal that the amounts of $17,856.00, $1,458.00, and $1,458.00—in total, $20,772.00—were withheld by the SSA for payment of authorized attorney's fees. *Id.* By this Motion, counsel seeks an award of the entire amount withheld. *See* Mot. at 1 (ECF No. 29).

## Legal Standards and Analysis

"Sections 406(a) and 406(b) of the Social Security Act provide for the discretionary award of attorney's fees out of the past-due benefits recovered by a successful claimant in a Social Security action. Section 406(a) allows an attorney

2

to receive fees '[f]or representation of a benefits claimant at the administrative level.'" *Murkledove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). Section 406(b), on the other hand, "governs the award and collection of fees by attorneys for the representation of claimants in court." *Id.* at 788. Section 406(b)(1)(A) provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment ....

42 U.S.C. § 406(b)(1)(A). Section 406(b) authorizes an award of fees after the attorney has obtained "a favorable decision on remand." *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) (citations omitted).

Contingent-fee agreements are common in Social Security cases. *See Gisbrecht*, 535 U.S. at 800 (observing that contingent-fee arrangements "are the most common fee arrangement between attorneys and Social Security claimants"). But judicial review acts as an "independent check" on any award of attorney's fees under § 406(b), including contingent-fee agreements, to ensure that the award is reasonable and in compliance with § 406. *Id.* at 807. The attorney seeking fees has the ultimate burden to show that "[w]ithin the 25 percent boundary ... the fee sought is reasonable for the services rendered." *Id.* Although the Fifth Circuit has declined to limit "consideration of what constitutes a windfall to some exhaustive list," it has stated that such consideration "is not a simple reiteration of the lodestar method," and has recognized several factors that the courts have considered,

3

including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted).

Counsel seeks court approval for a fee payment of $20,772.00, which is the amount being withheld by the SSA from Plaintiff and her children's past-due disability insurance benefits. *See* Mot. (ECF No. 29). Counsel asserts that this amount represents "25 percent of Plaintiff's total past due benefits that have been withheld for payment of the fee." *See id.* at 1. Here, however, Plaintiff was awarded $66,428.25 in past-due benefits—25 percent of that amount is $16,607.06. *See* Mot. Ex. 1 (ECF Nos. 29-1). Plaintiff's fee agreement states that she consents to a contingent fee "equal to 25 percent of past due benefits under 42 U.S.C. 406(b)." *Id.* at Ex. 2 (ECF No. 29-2). Additionally, Rule 406(b) does not permit the Court to award attorney's fees "in excess of 25 percent of the total of the past-due benefits." 42 U.S.C. § 406(b). Thus, counsel is entitled to, at most, $16,607.06 in attorney's fees—even if the SSA is withholding more than that amount.

After reviewing the Motion, its attachments, the SSA's response, and the applicable law, including the relevant factors recognized in *Jeter*, the Court finds that (1) counsel had a substantial risk of loss in bringing Plaintiff's Social Security appeal to federal court; (2) counsel is experienced, and has been practicing since 2007; (3) the value of the case was significant to Plaintiff because the SSA determined that she is disabled, and had been since June 2019, which resulted in

4

a substantial award of past-due benefits (4) the existence of a contingent-fee agreement reflects that Plaintiff consented to a fee of 25 percent of past-due benefits (5) the degree of difficulty in this case warrants finding that a fee equal to 25 percent of past-due benefits is reasonable; and (7) fees of $16,607.06 are reasonable under the circumstances and represent 25 percent of past-due benefits.

## Recommendation

For these reasons, the District Judge should **GRANT in part** the Motion (ECF No. 29) and award Daniel Skaar $16,607.06 in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b). The District Judge Should further order counsel to promptly return to Plaintiff the EAJA fee of $8,272.00.

**SO RECOMMENDED**.

December 1, 2025.                       _____
                                        REBECCA RUTHERFORD
                                        UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).